UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH GUTHRIE, individually, on a representative basis, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ITS LOGISTICS, LLC,<br><br>Defendant. | No. 1:21-cv-00729-ADA-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(ECF No. 41.) |

Plaintiff Keith Guthrie ("Plaintiff") brings a putative class action, mainly alleging various violations of California's Labor Code regarding Defendant's employment of drivers. After the parties reached a settlement, Plaintiff filed a motion for preliminary approval of the settlement, which was referred to the assigned Magistrate Judge. (*See* ECF Nos. 21, 24.)

**I. Procedural History**

On April 5, 2023, the assigned Magistrate Judge entered findings and recommendations, recommending that Plaintiff's motion for preliminary approval be denied without prejudice, generally concluding that the settlement did not offer a fair, reasonable, and adequate recovery. (ECF No. 41.) Both parties filed timely objections. (*See* ECF Nos. 46, 48.)

In its objections, Defendant objects to the Magistrate Judge's finding that the settlement is "too low." (ECF No. 46 at 6.) Regarding class certification, among the Rule 23(a) requirements,

1  Defendant mainly argues the adequacy of representation requirement under Rule 23(a)(4) of the
2  Federal Rules of Civil Procedure is satisfied.  (*Id.* at 19.)  Overall, Defendant asserts that both
3  parties believe that the proposed settlement and allocation to the class members is fair, reasonable,
4  and adequate, despite mediation occurring early in the case. (*Id.* at 21.)

5  In Plaintiff's objections, he argues that the motion for preliminary approval of the class
6  action settlement should be granted because "the proposal and decision to accept it followed a
7  robust exchange of information and documents." (ECF No. 48 at 2.)  Plaintiff indicates that if the
8  Court adopts the findings and recommendations, the parties will proceed forward with a more
9  limited class, claims, and class period. (*Id.* at 3.)

10  **II.    Discussion**

11  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this
12  Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
13  including the parties' objections, the Court finds the findings and recommendations to be supported
14  by the record and proper analysis and denies Plaintiff's motion for preliminary approval of the class
15  action settlement without prejudice.

16  As calculated by Plaintiff, the gross settlement amount of $365,000 is approximately 10%
17  of the potential maximum recovery, less PAGA penalties, of $3,581,927, and the net settlement
18  amount of $218,500, is approximately 6% of the potential maximum recovery. (ECF No. 41 at 20;
19  *see also* ECF Nos. 22 at 10-15, 26-30; 38 at 17-33.)  The Court finds that the computation of these
20  percentages reveals a very low percentage of the potential maximum recovery.  *See O'Connor v.*
21  *Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1129, 1132 (N.D. Cal. 2016) (holding that 10% of the
22  verdict value of non-PAGA claims is generally considered "the low end of reasonable recovery").
23  Although the Court may approve a settlement for a low recovery percentage, Plaintiff has failed to
24  demonstrate that his claims have been adequately valued. *See Gonzalez v. CoreCivic of Tenn.,*
25  *LLC*, No. 1:16-cv-01891-DAD-JLT, 2018 WL 4388425, at *9 (E.D. Cal. Sept. 13, 2018)
26  (explaining that "the court must be convinced that the plaintiff knows the value of the claims he
27  proposed to settle and can adequately explain why he has discounted them in reaching the
28  settlement"). Plaintiff failed to explain the methodology for calculating the PAGA claims and the

rationale behind the percentage discounts for all claims. (*See* ECF No. 22-1 at 10.); *see also Lusk v. Five Guys Enters., LLC*, No. 1:17-cv-00762-AWI-EPG, 2019 WL 7048791, at *6 (E.D. Cal. Dec. 23, 2019) (holding that "[Plaintiff] failed to explain with any precision or detail how or why the foregoing risks are at play in this lawsuit"). As the Magistrate Judge found, there is no clearly discernible formula used for either the Labor Code claims or the PAGA claims. (*See* ECF No. 38 at 28.) For example, Plaintiff discounts the value of his claim for failure to pay timely wages by 90% without explaining how he arrived at such calculation. (*See* ECF No. 22-1 at ¶ 18.) Without any legal authority to support Plaintiff's calculations of how much to discount each claim due to Defendant's defenses, the Court cannot find that the settlement is fair, reasonable, and adequate. (*See* ECF No. 41 at 16-17.)

In comparison to other class action settlements that this Court has approved, Plaintiff's proposed gross settlement amount is low. *See Mondrian v. Trius Trucking, Inc.*, No. 1:19-cv-00884-ADA-SKO, 2022 WL 6226843, at *6 (E.D. Cal. Oct. 7, 2022) ("Without the estimated value of the PAGA claims, the gross settlement fund of $995,000.00 is approximately a 24% recovery of Plaintiffs' maximum potential damages); *see also Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-cv-00420-ADA-SAB, 2023 WL 3853482, at *4 (E.D. Cal. June 6, 2023) ("[E]ven excluding attorneys' fees and costs, the proposed class recovery represents between 20% and 28% of estimated wages and interest recovery among the class members, which the Court finds in line with other class action settlements."). Overall, Plaintiff has not provided sufficient information for the Court to evaluate the strengths and weaknesses of Plaintiff's case. *See Eddings v. DS Servs. of Am., Inc.*, No. 15-cv-02576-VC, 2016 WL 3390477, at *1 (N.D. Cal. May 20, 2016) ("A party moving for preliminary approval should cite case law and apply it to explain why each claim or defense in the case is more or less likely to prove notorious.").

The Court further notes that settlement was reached very early in this case, which weighs against approval of the instant motion. *See Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair."); (*see* ECF No. 41 at 27.) The parties did not engage in any formal discovery or motion practice when it filed a status report on March 16, 2022, notifying the

3

Court that the parties had reached a settlement after a mediation. (*See* ECF Nos. 17, 18.) Therefore, the Court denies the motion for preliminary approval, without prejudice to renewal, because it does not have enough information to evaluate the settlement's merits. *See Eddings*, 2016 WL 3390477, at *1.

### III.  Conclusion

Accordingly,

1. The findings and recommendations issued on April 5, 2023, (ECF No. 41), are ADOPTED in full;

2. Plaintiff's motion for preliminary approval, (ECF No. 21, *see* ECF Nos. 22, 23, 38, 40), is DENIED, without prejudice; and

3. This matter is referred to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   June 30, 2023

_____
UNITED STATES DISTRICT JUDGE