1  Brian J. Mankin, Esq. [CSB No. 216228]
   *brian@lmlfirm.com*
2  Misty M. Lauby, Esq. [CSB No. 243009]
   *misty@lmlfirm.com*
3  LAUBY, MANKIN & LAUBY LLP
   5198 Arlington Avenue, PMB 513
4  Riverside, CA  92504
   T: (951) 320-1444 | F: (951) 320-1445
5
6  Attorneys for Plaintiff, on a Representative Basis and on behalf of the Punitive
   Class
7

8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

11 KEITH GUTHRIE, individually, on a          Case No.:  1:21-CV-00729-AWI-EPG
12 representative basis, and on behalf of
   all others similarly situated;            **FIRST AMENDED COMPLAINT**
13
                                             **CLASS ACTION CLAIMS**
14          Plaintiff,                        (1)   Failure to Pay Minimum and
                                                    Regular Wages;
15      vs.                                   (2)   Failure to Pay for Non-Productive
                                                    Time Under Labor Code § 226.2;
16 ITS LOGISTICS, LLC, a Delaware             (3)   Breach of Contract;
17 Company, and DOES 1 through 20,            (4)   Failure to Reimburse Expenses;
   inclusive;                                 (5)   Failure to Timely Pay Final
18                                                  Wages;
19          Defendants.                       (6)   Failure to Provide Accurate
                                                    Itemized Wage Statements;
20
21                                           **PAGA CLAIMS**
22                                            (7)   PAGA Assessment for Failure to
                                                    Pay Minimum and Regular
23                                                  Wages;
24                                            (8)   Failure to Pay for Nonproductive
                                                    Time Under Labor Code § 226.2;
25                                            (9)   PAGA Assessment for Failure to
26                                                  Reimburse Expenses;
                                             (10)   PAGA Assessment for Failure to
27                                                  Timely Pay Wages Each Period;
28                                           (11)   PAGA Assessment for Failure to

───────────────────────────────────────────
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION (PAGA) COMPLAINT
-1-

Timely Pay Final Wages; and

(12) PAGA Assessment for Failure to Provide Accurate Itemized Wage Statements

Complaint filed: March 9, 2021
Date of Removal:  May 5, 2021

Plaintiff Keith Guthrie ("Plaintiff") on behalf of himself, on a representative basis, and on behalf of others similarly situated, complains and alleges as follows.

## I.    INTRODUCTION AND GENERAL ALLEGATIONS

1.    Plaintiff brings this action against his former employers, Defendants ITS Logistics, LLC, and DOES 1 through 20, inclusive, (collectively, the "Defendants") on behalf of himself and current and former truck drivers who resided in California and who were employed by Defendants and paid on a flat daily rate and/ or mileage-based basis since  March 1, 2019 (after previous release in Caufield, et al. v. ITS Logistics, LLC, San Diego Superior Court, Case No. 37-2016-00044111-CU-OE-CTL)(the "Represented Employees"), for Defendants' violations of the California Labor Code stemming from Defendants' failure to pay all wages owed, including minimum and regular wages, failure to pay nonproductive time under Labor Code § 226.2; breach of contract, failure to reimburse business expenses, failure to timely pay wages, and failure to provide accurate itemized wage statements, among other claims.

2.    Plaintiff was employed by Defendants from approximately January 2019 through present as a truck driver.

3.    Plaintiff alleges on information and belief that the Represented Employees were subjected to the same policies, working conditions, and corresponding wage and hour violations to which Plaintiff was subjected during his employment.

4.    Plaintiff and the Represented Employees were not provided proper minimum and regular wages owed due to Defendants' policy which only provided a piece-rate compensation of cents per mile, a flat rate for completion of a day's work/assigned line route or some other form of piece rate pay.  Moreover, Plaintiff and certain Represented Employees were line haul/daily rate drivers who were not paid the daily rate unless they completed that day's route.  Under this pay plan, Plaintiff and certain Represented Employees did not receive separate hourly compensation at no less than the minimum wage for unpaid, on-duty, time including tasks such as pre-trip and post-trip inspections, stop pay, detention time, loading and unloading time, completing paperwork, refueling or repair, and downtime between runs. Also, the piece-rate compensation paid to Plaintiff and the Represented Employees often resulted in a payment of wages at less than the required California minimum wages for all hours worked.

5.    Plaintiff and the Represented Employees are/were employees of Defendants who were paid on a piece-rate, basis.  However, Defendants did not comply with the requirements of Labor Code § 226.2 when it failed to provide separate payments to its piece-rate employees for nonproductive time.

6.    Furthermore, at all relevant times, Defendants breached written agreements to pay Plaintiff and certain Represented Employees for required rest breaks and other nonproductive time including, but not limited to, stop pay, chaining, clean inspection incentives, layover pay, detention pay, breakdown pay post-accident activities, and safety meetings. Plaintiff and the Represented Employees performed tasks for which Defendant promised to pay. However, Defendant did not pay for such tasks in breach of the agreement resulting in damages to Plaintiff and Represented Employees.

7.    Also, Defendants required Plaintiff and the Represented Employees to incur substantial business-related expenses and costs without reimbursement.  For example, Plaintiff and the Represented Employees were required to acquire and

maintain a smart phone and related monthly data plan to communicate with Defendants via phone and text message, yet Defendants did not provide reimbursement for this expense.

8.     Plaintiff also alleges that he and the Represented Employees were not paid all wages due and owing upon separation of employment within the time required by Labor Code §§ 201 – 203.  Plaintiff further alleges that Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Represented Employees at the time their employment ended with Defendants, including, but not limited to minimum wages, regular wages, wage premiums, among others.

9.     Plaintiff further alleges that Defendants failed to provide accurate itemized wage statements that fully complied with the requirements of Labor Code § 226(a).

10.    Plaintiff alleges that Defendants' violations of the wage and hour components of the Labor Code and IWC Wage Orders enabled it to decrease expenses and to increase its level of productivity and profits, thereby allowing Defendants to gain an unfair advantage over its competitors.

11.    At all material times, Defendants and DOES 1 through 20 were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 and under California law.

12.    Plaintiff brings this lawsuit seeking declaratory, injunctive, equitable, and monetary relief against Defendants and each of them, on behalf of himself and the Represented Employees to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, penalties, costs and expenses pursuant to

California Labor Code §§ §§ 200, 201, 202, 203, 204, 208, 210, 218.6, 221-223, 226, 226.2, 226.3, 256, 558, 1194, 1197, 1197.1 and 2802, among possibly other sections inadvertently omitted.  Plaintiff also reserves the right to name additional representatives throughout the State of California.

## II.    **JURISDICTION**

13.    This Court has jurisdiction over the claims for relief of Plaintiff and the Represented Employees pursuant to the Labor Code and the IWC Wage Orders.

## III.    **VENUE**

14.    Venue as to each Defendant was proper in the Merced County Court when originally filed pursuant to Code of Civil Procedure §§ 395(a) and 395.5. Defendants transact business in Merced County and the unlawful acts alleged herein have a direct effect on Plaintiff and the Represented Employees in Merced County.  Furthermore, Defendants employed or employ Plaintiff and Represented Employees in Merced County.  The action was removed to the Eastern District Court on or around May 5, 2021 by Defendant.

## IV.    **PARTIES**

**Plaintiff**

15.    Plaintiff and Class Representative Keith Guthrie was employed by Defendants from approximately January 2019 through present and performed work for Defendants in Merced County.

**Defendants**

16.    Plaintiff is informed and believes and thereon alleges that Defendant ITS Logistics, LLC, is a Delaware company, is authorized to and doing business in Merced County, California, and is and/or was the legal employer of Plaintiff and the Represented Employees during the applicable statutory periods.

17.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as

DOES 1 through 20, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of penalties and damages to Plaintiff and all Represented Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

18.    Plaintiff is informed and believes and thereon alleges that he worked under the joint direction and control of Defendants and that Defendants, and each of them, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff and other similarly situated employees.

19.    Plaintiff is informed and believes and thereon alleges that, in conducting themselves in the manner described herein, Defendants, and each of them, were acting in active concert with one another such that the acts of each were and are fully attributable to the others in all material respects.  Plaintiff is further informed and believes that at all relevant times Defendants and each of them are now, and at all material times herein mentioned were, the agents, servants, employees, partners, affiliates, and/or representatives of each of their remaining co-Defendants, and were, at all times herein mentioned, acting within the course, scope, and purpose of such relationship(s) and with the knowledge, consent and/or ratification of each of their remaining co-Defendants.

20.    Furthermore, Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are an integrated enterprise and should be treated as a single employer because these entities share an interrelation of operations, with common human resources and personnel policies and shared

common offices and facilities.  Additionally, Defendants also have a shared website, common management, a centralized control of labor operations, and common ownership or financial control.

21.    Plaintiff is further informed and believes that at all relevant times, Defendant ITS Logistics, LLC has been inadequately capitalized to conduct business, have failed to follow appropriate corporate formalities, and have simply been a shell and instrumentality through which Defendants DOES 11 through 20, inclusive, have conducted their personal affairs.  Accordingly, the corporate veil should be pierced and any liability attached, Defendant ITS Logistics, LLC, should be imposed jointly and severally against Defendants DOES 11 through 20. Adherence to the fiction of the separate existence of these corporate entities would permit abuse of the corporate privilege, thereby sanctioning fraud and promoting injustice.

22.    Pursuant to Labor Code § 2699.3(a), on March 5, 2021 Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3.

V.    **CLASS ACTION ALLEGATIONS**

23.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

24.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to Code of Civil Procedure § 382.

25.    The relevant time period for this class action is defined as the time period beginning March 1, 2019 (the "Relevant Time Period").

26.    The Class, also referred to as the "Represented Employees," that Plaintiff seeks to represent is defined as follows:

**California Class**

> All current and former truck drivers who resided in California and who were employed by Defendants and paid on a piece-rate basis (e.g per day or per mile) at any time during the Relevant Time Period.

27. Plaintiff also seeks to represent the following subclasses:

**Per Day Driver Subclass**

> All Represented Employees who were paid per day during the Relevant Time Period.

**Waiting Time Penalties Subclass**

> All Represented Employees who separated from their employment with Defendants during the period March 1, 2019 and ending at class certification.

**Wage Statement Penalties Subclass**

> All Represented Employees during the period one year before the filing of this action and ending at class certification.

28. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

29. Plaintiff, as Class Representative, is a member of the class that he seeks to represent.

30. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 or Federal Rules of Civil Procedure Rule 23because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' personnel and payroll records.

31. **Numerosity:** The potential members of the Class as defined are so numerous that a joinder of all Represented Employees is impracticable. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

32. **Commonality:** There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation:

  i.  Whether Defendants violated the California Labor Code and IWC Wage Order by failing to pay proper minimum and regular wages to Plaintiff and the Represented Employees for all hours worked;

  ii.  Whether Defendants violated California Labor Code and IWC Wage Order by paying the Represented Employees on a piece-rate basis yet not providing separate hourly compensation for nonproductive time;

  iii.  Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to reimburse Plaintiff and the Represented Employees for business expenses incurred while discharging their duties or in obedience to the directions of their employer;

  iv.  Whether Defendants violated the California Labor Code by failing to timely pay all wages due upon separation of employment between Defendants and Plaintiff and Represented Employees, whether such separation was voluntary or involuntary;

  v.  Whether Defendants violated the California Labor Code by failing to provide Plaintiff and Represented Employees with complete, accurate, itemized wage statements;

33. **Typicality:** Plaintiff's claims, as the Class Representative, are typical of the claims of The Class. Plaintiff, like other members of The Class, was subjected to Defendants' ongoing Labor Code and Wage Order violations including pertaining to the failure to pay all wages owed, failure to separately pay

nonproductive time, breach of contract for failure to pay agreed upon rest breaks and nonproductive time, failure to reimburse business expenses, failure to timely pay final wages, and failure to provide accurate itemized wage statements.

34.    **Adequacy of Representation.** Plaintiff, as the Class Representative, will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not in conflict with those of the Class. Class Representative's counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

35.    **Superiority of Class Action.** Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Represented Employees is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Represented Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

# FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM AND REGULAR WAGES

(Labor Code §§ 200, 221-223, 1194, 1194.2, 1197; IWC Wage Order § 4)

36.    Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

37.    Plaintiff and the Represented Employees were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

38.    Moreover, compensation owed to employees is a matter determined primarily by contract. Under Labor Code § 200, compensation may be "fixed or ascertained by the standard of time, task, piece, commission basis, or other method

of calculation.

39. Wage Order No. 9 § 4 (B) provides that compensation may be "measured by time, piece, commission, or otherwise."

40. In *Oman v. Delta Airlines* (2020) the California Supreme Court held that "[w]hatever the task or period promised as a basis for compensation, however, an employer must pay no less than the minimum wage for all hours worked. (See Wage Order No. 9, §§2(H), 4.) The employer must satisfy this obligation while still keeping any promises it has made to provide particular amounts of compensation for particular tasks or periods of work. (Lab. Code §§ 221-223.) For all hours worked, employees are entitled to the greater of the (1) amount guaranteed by contract for the specified task or periods, or (2) the amount guaranteed by the minimum wage."

41. Plaintiff and the Represented Employees were not provided proper minimum and regular wages owed due to Defendants' policy which promised Represented Employees paid rest breaks and other compensation for non-productive time but ultimately only provided compensation for completion of productive piece rate tasks. Under this pay plan, Plaintiff and the Represented Employees did not receive separate hourly compensation at the contracted rate for unpaid, on-duty, time including tasks such as pre-trip and post-trip inspections, detention time, stop time, loading and unloading time, completing paperwork, refueling or repair, and downtime between runs.

42. Also, Defendants' piece-rate pay plan often resulted in a payment of wages to Plaintiff and the Represented Employees at less than the required California minimum wages for all hours worked. Due to traffic and other conditions, Defendant's piece rate often illegally resulted in a rate of pay under the applicable minimum wage.

43.    Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

44.    Furthermore, Plaintiff and the Represented Employees were denied paid rest breaks by virtue of Defendants' policy that only paid the Represented Employees on a piece-rate basis without separation compensation for rest breaks. As Plaintiff and the Represented Employees could not generate piece-rate compensation during a rest break (i.e., per mile or per daily route driven), Plaintiff and the Represented Employees were illegally denied paid rest breaks.  Thus, Defendants violated California Labor Code laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

45.    Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Represented Employees for each hour worked in violation of Labor Code §§ 221-223, 1194 and 1197.

46.    Defendants' conduct was willful, as Defendants knew that Plaintiff and the Represented Employees were entitled to be paid wages throughout the statutory period for each hour worked, including proper minimum wages, yet Defendants chose not to pay them in accordance thereto.

47.    At all material times, Defendants DOES 1 through 20 were and/or are Plaintiff's and the Represented Employees' employers or persons acting on behalf of Plaintiff and the Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated Labor Code § 204 and a provision or provisions of Part 2, Chapter 1 of the California Labor Code regulating hours and days of work respectively.

48.     During employment of Plaintiff and the Represented Employees, Defendants failed to pay them all wages to which they were entitled, thereby receiving an economic benefit.

49.     As a result of the Defendants' wrongful conduct, Plaintiff and the Represented Employees have been damaged in amounts to be proven at trial.

50.     Plaintiff, on behalf of himself and the Represented Employees, seeks recovery of all unpaid minimum wages, liquidated damages, penalties, interest, attorneys' fees and costs of suit, pursuant to Labor Code §§ 1194 and 1194.2, against Defendants in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY FOR NONPRODUCTIVE TIME UNDER LABOR CODE § 226.2

### (Labor Code § 226.2)

51.     Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

52.     Plaintiff and the Represented Employees are and/or were employees of Defendants who were paid on a piece-rate basis and who were entitled to separate pay for nonproductive time.

53.     Labor Code § 226.2 requires employers that pay their employees on a piece-rate basis to provide separate payment for nonproductive time at an hourly rate that is no less than the applicable minimum wage.  Labor Code § 226.2(a)(4).

54.     At all relevant times herein, Defendants failed to compensate the Represented Employees, including Plaintiff, for all nonproductive time separate from any piece-rate compensation at the rate required by Labor Code § 226.2. Therefore, Defendants violates Labor Code § 226.2 every pay period with respect to Plaintiff and each and every one of the Represented Employees.

55.     As a result of Defendant's violation of Labor Code § 226.2, Plaintiff and the Represented Employees seek to recover, in a civil action, the unpaid

balance of the full amount of unpaid payments for nonproductive time, including interest thereon, reasonable attorneys' fees, and costs of suit.

**THIRD CAUSE OF ACTION**

**BREACH OF CONTRACT**

56.    Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

57.    Plaintiff and the Represented Employees are and/or were employees of Defendants who offered employment and accepted work under policies that included consideration in the form of paid rest breaks and other nonproductive time including, but not limited to, stop pay, chaining, clean inspection incentives, layover pay, detention pay, breakdown pay post-accident activities, and safety meetings.

58.    At all relevant times, Plaintiff and the Represented Employees were denied paid rest breaks promised to Plaintiff and the Represented Employee by virtue of Defendants' policy that only paid its truck drivers piece-rate pay despite its promise to separately pay rest breaks.

59.    Also at all relevant times, Defendants failed to pay Plaintiff and Represented Employees for nonproductive tasks that Defendants promised to pay for.

60.    Plaintiff and Represented Employees performed all duties and obligations required of them under the agreement.

61.    Defendants breached the agreement without any justification or excuse.

62.    As a direct and proximate result of Defendants' breaches, Plaintiff and Represented Employees have sustained economic damages in an amount to be proven at trial.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH CAUSE OF ACTION
## FAILURE TO REIMBURSE BUSINESS EXPENSES
(Labor Code § 2802)

63.    Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

64.    Plaintiff and the Represented Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing reimbursement of business expenses.

65.    Labor Code § 2802(a) requires that the employer indemnify its employees for expenses incurred while discharging their duties or in obedience to directions of their employer.

66.    At all relevant times herein mentioned, as a condition of employment, Defendants required Plaintiff and the Represented Employees to incur substantial business-related expenses and costs without reimbursement.  For example, Plaintiff and the Represented Employees were required to acquire and maintain a smart phone and related monthly data plan to communicate with Defendants via phone and text message, yet Defendants did not provide reimbursement for this expense.

67.    At all relevant times herein, Defendants violated Labor Code § 2802(a) when they failed to reimburse Plaintiff and the Represented Employees for expenses incurred as a direct consequence of Plaintiff's employment with Defendant and/or under the direction of Defendants.

68.    At all relevant times herein, Defendants failed to reimburse the Represented Employees, including Plaintiff, for expenses incurred while discharging duties to Defendants, thereby receiving an economic benefit.

69.    As a direct result of Defendants' violation of Labor Code § 2802 and IWC Wage Order § 9(B), Plaintiff and the Represented Employees have suffered, and continue to suffer, substantial losses related to such incurred expenses, expenses, and attorney's fees in seeking to compel Defendants to fully perform

their obligations under the law, all in an amount to be proved at time of trial.

70.    Labor Code § 2802(b) states that "[a]ll awards made by a Court for reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in civil actions, and said interest will accrue from the date on which the employee incurred the necessary expenditure or loss including, but not limited to, reasonable costs and attorney's fees incurred by the employee enforcing the rights granted pursuant to Labor Code § 2802.  The exact amount of the necessary expenditures or losses is in an amount to be proven at time of trial.

71.    Furthermore, Labor Code § 2802(c) states that "[f]or the purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee in enforcing the rights granted by this section."  Therefore, Plaintiff and the Represented Employees seek to recover the unreimbursed expenses, interest on the unreimbursed expenses, and the costs and attorney's fees necessarily incurred in pursuing same.  The exact amount of reimbursements, interest, costs, and attorney's fees will be in an amount to be proved at the time of trial.

## FIFTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY FINAL WAGES

### (Labor Code §§ 201 – 203)

72.    Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

73.    Plaintiff and the Represented Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

74.    Labor Code § 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

75.    Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an

employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

76.    Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

77.    At all relevant times, Defendants employed a policy and practice whereby Plaintiff and the Represented Employees were not paid all wages due and owing upon separation of employment within the time required by Labor Code §§ 201 and 202.

78.    Also, at all relevant times, Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Represented Employees upon separation of employment, including, but not limited to, minimum and regular wages, as well as meal and rest period premiums.

79.    Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay Plaintiff and the Represented Employees all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202.  Consequently, pursuant to Labor Code § 203, Defendants owe Plaintiff and the Represented Employees the above-described waiting time penalty, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

<u>**SIXTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Labor Code § 226, 226.2)

80.    Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

81.    Plaintiff and the Represented Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

82.    Labor Code § 226(a) requires an employer to provide its employees with itemized wage statements accurately stating gross wages earned, all deductions, net wages earned, the inclusive dates of the pay period, the employee's name and the last four digits of his or her Social Security number (or employee identification number), the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

83.    Defendants violates Labor Code § 226(a) every pay period with respect to Plaintiff and the Represented Employees because the wage statements that Defendants issued to Plaintiff and the Represented Employees failed to provide any information regarding hours worked, and therefore the wage statements did not state "total hours worked by the employee" in direct violation of Labor Code § 226(a)(2).

84.    Furthermore, Defendants violate Labor Code § 226(a) every pay period because the wage statements failed to accurately state gross wages earned, all deductions, net wages earned, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours at each hourly rate by the employee.

85.    Moreover, Labor Code § 226.2 states that "[f]or employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: [...] (2) the itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable: (A) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period

[and] (B) […] the total hours of other nonproductive time, […] the rate of compensation, and the gross wages paid for that time during the pay period."

86.    At all relevant times, Defendants failed to provide a wage statement to Plaintiff and the Represented Employees that complied with the requirements of Labor Code § 226.2(a)(2) because the wage statements did not include any information regarding compensable rest and recovery periods, nonproductive time, or the rates of pay and compensation for the same.  As such, Defendants violate Labor Code § 226 and § 226.2 every pay period with respect to Plaintiff and the Represented Employees.

87.    Defendants' failure to provide the required writing deprived Plaintiff and the Represented Employees of the ability to know, understand, and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants.  Therefore, Plaintiff and the Represented Employees had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to said Defendants. As a direct result, Plaintiff and the Represented Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damages in amounts according to proof at trial.

88.    As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and the Represented Employees have suffered an injury in that each was prevented from knowing, understanding and disputing the wage payments paid to them.  Furthermore, Plaintiff and the Represented Employees have each suffered an injury in that the failure to show all wages earned on the itemized wage statements resulted in Plaintiff and the Represented Employees being denied all necessary deductions, payments, and withholdings owed by the employer, including, but not limited to, the failure to make all

necessary contributions for unemployment benefits, social security benefits, proper payment of taxes and withholdings, and other mandated state and federal benefits.

89.    Plaintiff has also been injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

90.    Labor Code § 226(e) requires Defendants to pay the greater of all actual damages or fifty dollars ($50.00) per employee for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to Plaintiff and the Represented Employees who were injured by Defendants' failure to comply with Labor Code § 226(a).  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

## VI.    LABOR CODE PRIVATE ATTORNEYS GENERAL ACT CAUSES OF ACTION (Cal. Lab. Code §§ 2698 – 2699.5)

91.    Plaintiff is an "aggrieved employee" under the PAGA as he was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, Plaintiff may recover the remedies described herein in a civil action filed on behalf of himself and all other similarly situated current and former aggrieved employees in California against whom one or more of the alleged violations was committed (hereinafter the "Aggrieved Employees").

92.    Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA through a representative action pursuant to the PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969.   Therefore, Plaintiff is not required to, nor does he, seek class certification of the PAGA claims under Code of Civil Procedure § 382.

93.     Pursuant to Labor Code § 2699.3(a), on March 5, 2021 Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3.

## SEVENTH CAUSE OF ACTION

## PAGA ASSESSMENT FOR FAILURE TO PAY MINIMUM AND REGULAR WAGES

(Labor Code §§ 200, 221-223, 1194, 1194.2, 1197, 1197.1; IWC Wage Order § 4)

94.     Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

95.     Plaintiff and the Aggrieved Employees were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

96.     Moreover, compensation owed to employees is a matter determined primarily by contract. Under Labor Code § 200, compensation may be "fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

97.     Wage Order No. 9 § 4 (B) provides that compensation may be "measured by time, piece, commission, or otherwise."

98.     In *Oman v. Delta Airlines* (June 29, 2020), 9 Cal. 5th 762, the California Supreme Court held that "[w]hatever the task or period promised as a basis for compensation, however, an employer must pay no less than the minimum wage for all hours worked. (See Wage Order No. 9, §§2(H), 4.) The employer must satisfy this obligation while still keeping any promises it has made to provide particular amounts of compensation for particular tasks or periods of work. (Lab. Code §§ 221-223.) For all hours worked, employees are entitled to the greater of

the (1) amount guaranteed by contract for the specified task or periods, or (2) the amount guaranteed by the minimum wage."

99.    Under Labor Code 1197.1(b) provides that "if, upon investigation, the Labor Commissioner determines that an employer has paid or caused to be paid a wage less than the wage set by contract in excess of the applicable minimum wage, the Labor Commissioner may issue a citation to the employer in violation to recover restitution of those amounts owed."

100.    Plaintiff and the Represented Employees were not provided proper minimum and regular wages owed due to Defendants' policy which promised Represented Employees paid rest breaks and other compensation for non-productive time but ultimately only provided compensation for completion of productive piece rate tasks.  Under this pay plan, Plaintiff and the Represented Employees did not receive separate hourly compensation at the contracted rate for unpaid, on-duty, time including tasks such as pre-trip and post-trip inspections, detention time, stop time, loading and unloading time, completing paperwork, refueling or repair, and downtime between runs.

101.    Also, Defendants' piece-rate pay plan often resulted in a payment of wages to Plaintiff and the Aggrieved Employees at less than the required California minimum wages for all hours worked.  Due to traffic and other conditions, Defendants' piece rate pay often illegally resulted in a rate of pay under the applicable minimum wage.

102.    Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, 1197.1 IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

103.    Furthermore, Plaintiff and the Aggrieved Employees were denied paid rest breaks by virtue of Defendants' policy that only paid the Aggrieved Employees on a piece-rate basis without separation compensation for rest breaks.

As Plaintiff and the Aggrieved Employees could not generate piece-rate compensation during a rest break (i.e., loads driven), Plaintiff and the Aggrieved Employees were illegally denied paid rest breaks. Thus, Defendants violated California Labor Code laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, 1197.1 IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

104. Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Aggrieved Employees for each hour worked in violation of Labor Code §§ 221-223, 1194 and 1197, 1197.1.

105. As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## EIGHTH CAUSE OF ACTION
## PAGA ASSESSMENT FOR FAILURE TO PAY FOR NONPRODUCTIVE TIME
### (Labor Code § 226.2)

106. Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

107. Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who were paid on a piece-rate basis.

108. Labor Code § 226.2 requires employers that pay their employees on a piece-rate basis to provide separate payment for nonproductive time at an hourly rate that is no less than the applicable minimum wage. Labor Code § 226.2(a)(4).

109. At all relevant times herein, Defendants failed to compensate the Aggrieved Employees, including Plaintiff, for all nonproductive time separate from any piece-rate compensation at the rate required by Labor Code § 226.2.

Therefore, Defendants violates Labor Code § 226.2 every pay period with respect to Plaintiff and each and every one of the Aggrieved Employees.

110.    As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

### NINTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO REIMBURSE BUSINESS EXPENSES

(Labor Code § 2802)

111.    Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

112.    Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing reimbursement of business expenses.

113.    Labor Code § 2802(a) requires that the employer indemnify its employees for expenses and losses incurred while discharging their duties or in obedience to the directions of their employer.

114.    At all relevant times herein mentioned, as a condition of employment, Defendants required Plaintiff and the Aggrieved Employees to incur substantial business-related expenses and costs without reimbursement.  For example, Defendants required Plaintiff and the Aggrieved Employees to use personal cell phones to carry out their duties for Defendants without reimbursement.

115.    At all relevant times herein, Defendants violated Labor Code § 2802(a) when they failed to reimburse Plaintiff and the Aggrieved Employees for expenses incurred as a direct consequence of Plaintiff's employment with Defendant and/or under the direction of Defendants.

116.    As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under the PAGA.

## TENTH CAUSE OF ACTION

**PAGA ASSESSMENT FOR FAILURE TO TIMELY PAY WAGES EACH PERIOD**

(Labor Code § 204)

117.    Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

118.    Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws regarding the timing of payment of wages each period.

119.    Labor Code § 204(a) states that all wages earned by a person are due and payable twice during each calendar month, and further states that wages earned during the first through fifteenth days of the month must be paid no later than the twenty-sixth day of the month, and that wages earned between the sixteenth and last day of the month must be paid by the tenth day of the following month.

120.    Furthermore, Labor Code § 204(d) states "[t]he requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

121.    At all relevant times herein, Defendants did not provide Plaintiff and the Aggrieved Employees with all wages due and owing each period within the time required by Labor Code § 204.  Moreover, Defendants did not provide Plaintiff and the Aggrieved Employees with all wages due and owing each pay period, including, but not limited to, minimum wages and meal and rest period premiums within the time specified by § 204.

122.   As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## ELEVENTH CAUSE OF ACTION

**PAGA ASSESSMENT FOR FAILURE TO TIMELY PAY FINAL WAGES**

(Labor Code §§ 201 – 203)

123.   Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

124.   Plaintiff and the Aggrieved Employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of final wages.

125.   Labor Code § 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

126.   Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

127.   Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

128.   At all relevant times here, Defendants did not provide Plaintiff and the Aggrieved Employees with all wages due and owing upon separation of employment, including, but not limited to, minimum, regular, and overtime wages, as well as meal and rest period premiums, within the time specified by Labor Code §§ 201 – 203.

129.   Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay to Plaintiff and the Aggrieved Employees all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202.

130.   As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

**TWELFTH CAUSE OF ACTION**

**PAGA ASSESSMENT FOR**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Labor Code § 226, 226.2)

131.   Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

132.   Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

133.   Labor Code § 226(a) requires an employer to provide its employees with itemized wage statements accurately stating gross wages earned, all deductions, net wages earned, the inclusive dates of the pay period, the employee's name and the last four digits of his or her Social Security number (or employee identification number), the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

134.   Defendants violates Labor Code § 226(a) every pay period with respect to Plaintiff and the Aggrieved Employees because the wage statements that Defendants issued to Plaintiff and the Aggrieved Employees failed to provide any information regarding hours worked, and therefore the wage statements did not

state "total hours worked by the employee" in direct violation of Labor Code §
226(a)(2).

135.    Furthermore, Defendants violate Labor Code § 226(a) every pay
period because the wage statements failed to accurately state gross wages earned,
all deductions, net wages earned, the name and address of the legal entity that is
the employer, and all applicable hourly rates in effect during the pay period and the
corresponding number of hours at each hourly rate by the employee.

136.    Furthermore, Labor Code § 226.2(a) states "[f]or employees
compensated on a piece-rate basis during a pay period, the following shall apply
for that pay period: [...] (2) the itemized statement required by subdivision (a) of
Section 226 shall, in addition to the other items specified in that subdivision,
separately state the following, to which the provisions of Section 226 shall also be
applicable: (A) the total hours of compensable rest and recovery periods, the rate
of compensation, and the gross wages paid for those periods during the pay period
[and] (B) [...] the total hours of other nonproductive time, [...] the rate of
compensation, and the gross wages paid for that time during the pay period."

137.    At all relevant times, Defendants failed to provide a wage statement to
Plaintiff and the Aggrieved Employees that complied with the requirements of
Labor Code § 226.2(a)(2) because the wage statements did not include any
information regarding compensable rest and recovery periods, nonproductive time,
or the rates of pay and compensation for the same.  As such, Defendants violate
Labor Code § 226 and § 226.2 every pay period.

138.    Therefore, Defendants violate Labor Code § 226(a) every pay period
with respect to Plaintiff and the Aggrieved Employees because Defendants failed
to provide complete and accurate wage statements to Plaintiff and the Aggrieved
Employees that complied with the requirements of Labor Code § 226(a).  See
*Lopez v. Friant & Associates, LLC* (2017) 15 Cal.App.5th 773, 788 ("a plaintiff
seeking civil penalties under PAGA for a violation of section 226(a) does not have

to satisfy the "injury" and "knowing and intentional" requirements of section 226(e)(1)").

139.   As a result of the Defendants' violations of Labor Code §226(a)(9), Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code §§ 226.3 and 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.  See *Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667, 675 ("Section 226.3 provides the civil penalty for failure to comply" with Labor Code § 226).

## VII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, on a representative basis, and all others similarly situated, prays for judgment and relief against Defendants, jointly and severally, as follows:

1.     As to the Seventh through Twelfth Causes of Action, the assessment of all applicable and available remedies under the PAGA;

2.     For reasonable attorneys' fees and costs as permitted under the PAGA;

3.     That the First through Sixth Causes of Action be certified as a class action;

4.     That Plaintiff be appointed as Class Representative;

5.     That counsel for Plaintiff be appointed Class Counsel;

6.     For all applicable statutory penalties recoverable under the First through Sixth Causes of Action to the extent permitted by law, including those pursuant to Labor Code and Orders of the Industrial Welfare Commission;

7.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including those pursuant to the Labor Code;

8.     For injunctive relief and/or restitution as provided by the Labor Code and Business and Professions Code § 17200, *et seq.*;

9.    For a declaratory judgment that Defendants have violated Labor Code §§ 200, 201, 202, 203, 204, 208, 210, 218.6, 221-223, 226, 226.2, 226.3, 256, 558, 1194, 1197, 1197.1 and 2802, among other sections inadvertently omitted;

10.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties according to proof, including interest thereon;

11.    For pre- and post-judgment interest; and

12.    For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiff, on behalf of himself, on a representative basis, and all others similarly situated, hereby demands a jury trial as to the First through Thirteenth Causes of Action pled herein.


Dated:  December 26, 2023            LAUBY, MANKIN & LAUBY LLP


BY:    _____*/s/ Misty M. Lauby*_____
Brian J. Mankin, Esq.
Misty M. Lauby, Esq.
Attorneys for Plaintiff

4865-6733-2500, v. 1