1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   KEITH GUTHRIE, *individually, on a*           Case No.   1:21-cv-000729-KES-EPG
     *representative basis, and on behalf of all*
11   *others similarly situated*,                  **AMENDED ORDER[1]** PERMITTING
                                                    SUPPLEMENT IN SUPPORT OF
12                        Plaintiff,                PLAINTIFF'S MOTION FOR CLASS
                                                    CERTIFICATION AND PRELIMINARY
13          v.                                      APPROVAL OF A CLASS ACTION
                                                    SETTLEMENT
14   ITS LOGISTICS, LLC,
                                                    (ECF No. 79)
15                        Defendant.

16

17

18          Plaintiff Keith Guthrie has filed an unopposed motion to certify the settlement class and

19   preliminarily approve the parties' proposed settlement. (ECF No. 79). The Court held a hearing

20   on May 1, 2025, and invited Plaintiff to address the issues discussed at the hearing in a

     supplemental filing. (ECF No. 83). These issues are as follows:
21
            1.  Plaintiff supports the motion with the declaration of Timothy Aboussleman
22
                (Defendant's Senior Director of Logistics). However, the declaration is not signed or
23
                dated. (ECF No. 79-2, p. 46).
24
            2.  The motion states that the proposed Class Notice is attached as Exhibit 1 to the
25
                Settlement Agreement. (ECF No. 79-1, p. 6 n.1). However, it is not attached to the
26

27   _____
     [1] The Court issues this amended order correcting the numbering of issues that Plaintiff is directed to
28   address in a redlined or amended motion. Specifically, the original order identified issues 3 and 4 to be
     addressed in this manner, rather than issues 4 and 5 as noted in this amended order.

                                                     1

settlement agreement.

3. The motion lacks specific support for the $7,500 proposed class service award. (ECF No. 79-1, p. 48).

4. Some of the claims are calculated from 3/1/19 to "5/31/303". (*See* ECF No. 79-1, pp. 16-17).

5. There appear to be errors regarding the valuation of the claims. Plaintiff is directed to review all calculations in the motion and correct any figures, values, and percentages that are incorrect. The Court identified a few of the apparent errors at the hearing as follows:

a. The calculation used to determine the maximum value of stop pay claims for mileage-rate shifts: "Stop Pay (Est. 2 stops per day @ $12.50) per contract [4,125 days $103,800 driven @ mileage rate x est. 2 stops per day x $12.50]." (ECF No. 79-1, p. 36). It appears that Plaintiff is saying that 2 stops per day x $12.50 per stop x 4,125 days = $103,800. However, 2 stops x 12.50 per stop x 4,125 days = $103,125 (or $675 less than $103,800). And if these calculations are correct, there would then be further derivative errors based on these values being used in further calculations. For example, it would mean that the maximum value of the failure-to-pay-wages claims is not $496,655 as Plaintiff asserts but $495,980 (calculated by subtracting $675 (the difference between $103,800 and $103,125) from $496,665).

b. For the failure-to-timely-pay-wages claims, the calculation for the $2,059,669 value for the flat-rate shifts does not add up. (ECF No. 79-1, p. 40). Specifically, Plaintiff offers a calculation of 203 former flat rate drivers x $337.54 for the average daily flat rate x 30 (presumably 30 days under Labor Code § 203(a)). However, 203 x $337.54 x 30 = $2,055,619, not $2,059,669.

c. For the failure-to-timely-pay-wages claims, the body of the brief states that "Plaintiff calculated the maximum waiting time penalties to be $2,148,623," however, the chart provided lists $2,197,655. (ECF No. 79-1, p. 40).

///

2

Accordingly, IT IS ORDERED as follows:

1. By no later than June 6, 2025, Plaintiff is permitted to file a supplement addressing the above issues.

2. **For issues 4 and 5**, Plaintiff is directed to submit a <u>redlined copy</u> of the original motion and attachments (ECF No. 79 to 79-3), with any errors corrected in red font in the motion and attachments, so that the Court can easily see what was corrected. Alternatively, Plaintiff may file an amended motion that supersedes the original, with corrected calculations.

IT IS SO ORDERED.

Dated: __**May 1, 2025**__          ___/s/_____

UNITED STATES MAGISTRATE JUDGE

3